IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 09-00268-1 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL** |
| v. | |
| ALEXANDER DEJARNETTE, | |
| Defendant. | |

Currently before the Court is defendant's motion for judgment of acquittal. On August 9, 2011, following a jury trial, defendant was found guilty on the following count: "beginning on or about August 2, 2008 and continuing through at least December 27, 2008, in the Northern District of California, the defendant, Alexander DeJarnette, an individual required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under Federal law, did knowingly fail to register as a sex offender as required by the Sex Offender Registration and Notification Act in violation of Title 18, United States Code, section 2250(a)." Verdict, Docket No. 217.

Defendant now moves for acquittal because the government failed to present sufficient evidence to demonstrate that the charged offense occurred in the Northern District. Motion at 1 [Docket No. 224]. Specifically, defendant argues that in order to prove a violation under SORNA, the government was required to introduce evidence that defendant was residing in the Northern District during the time charged in the indictment.

The Court has already rejected defendant's argument. *See* Docket No. 205. In ruling on defendant's objection to the government's proposed jury instruction No. 31, the Court found that "on and after August 2, 2008, defendant had a duty to complete his initial registration pursuant to SORNA

in the district in which he was convicted – this District – even if it was different from his jurisdiction of residence at that time. The Court will so instruct the jury." *Id*. Defendant argues that the Ninth Circuit's recent decision in *United States v. Crowder*, 2011 U.S. App. LEXIS 18018 (9th Cir. Aug. 30, 2011), confirmed that "SORNA requires a person convicted of a crime that 'has an element involving a sexual act or sexual contact with another,' *id*. § 16911(5)(A)(I), to register in the registry of sex offenders maintained by the jurisdiction in which the offender resides." *Id*., *5. The Court in *Crowder*, however, was addressing whether the government must prove that a defendant knew that SORNA imposed a registration requirement on him in order to convict a defendant of a violation of the statute. *Id*., *1. The Court did not consider the issue presented by this case, which is whether a person who becomes subject to SORNA after his release from confinement is required to appear for his initial registration in the jurisdiction of his conviction. Moreover, defendant's citation to *Crowder* omits the prior sentence which places the language defendant relies on in context: "an offender must, 'after each change of name, residence, employment, or student status,' appear in person in one of the jurisdictions in which he is required to register and notify it of the changed information. [41 U.S.C.] § 16913(c). In other words, SORNA requires a person . . . to register in the registry of sex offenders maintained by the jurisdiction in which the offender resides." *Id*., *5. *Crowder*, therefore, does not support defendant's argument here or cause the Court to reconsider its prior ruling regarding initial registration.

Defendant's motion for judgment of acquittal is DENIED.

**IT IS SO ORDERED.**

Dated: October 7, 2011

SUSAN ILLSTON
United States District Judge

2